**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| EDUCATION CREDIT CORP | CIVIL ACTION NOS. 04-0768 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LORI ANN WELCH | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is an appeal, pursuant to 28 U.S.C. § 158(a), from a Judgment of the United States Bankruptcy Court for the Western District of Louisiana which was rendered in favor of Appellee, Lori Ann Welch ("Welch"), and against Appellant, Educational Credit Management Corporation ("ECMC"), on March 30, 2004. [Doc. No. 1] That Judgment was based on the Bankruptcy Court's determination that Welch had met the criteria set forth under 11 U.S.C. Section 523(a)(8) to discharge a student loan by showing that it would impose a hardship on Welch and her dependents to except her student loans from discharge.[1] Based on the following, the Bankruptcy Court's order is **REVERSED**.

**BACKGROUND**

On March 20, 2002, Appellant Welch commenced the underlying adversary proceeding seeking a discharge of her student loan indebtedness on grounds of undue

---

[1]Although the Bankruptcy Court's order merely states "hardship", the Court notes that the correct standard under Section 523*a)(8) is "**undue** hardship".

hardship pursuant to 11 U.S.C. Section 523(a)(8). The matter was tried on December 13, 2002 (Tr. 1), and then continued until January 8, 2004 (Tr. 2). At the conclusion of the trial, the Court discharged the full $26,000 loan balance owed to ECMC. (Tr. 2 at p. 51) Judgment was filed on March 30, 2004. [Doc. No. 1] ECMC timely filed a Notice of Appeal that same day. [Id.] Appellant's Original Brief was filed on April 30, 2004. Welch failed to submit an Appellee's Brief.

## LAW AND ANALYSIS

**A.     Jurisdiction and Standard of Review.**

This Court has jurisdiction over appeals from the Bankruptcy Court's orders pursuant to 28 U.S.C. § 158(a). In reviewing a decision of the Bankruptcy Court, this Court functions as an appellate court and applies the standards of review generally applied in a federal court of appeals. See Matter of Webb, 954 F.2d 1102, 1103-04 (5th Cir. 1992). Conclusions of law are reviewed *de novo*. See Matter of Herby's Foods, Inc., 2 F.3d 128, 131 (5th Cir. 1993). Findings of fact are not to be set aide unless clearly erroneous. See id. at 130-31. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." Matter of Missionary Baptist Foundation of America, 712 F.2d 206, 209 (5th Cir. 1983).

As to the instant matter, the Bankruptcy Court's finding that it would impose an undue hardship on Welch and her dependents to except her student loans from discharge was a conclusion of law. In re Gerhardt, 348 F.3d 89, 91 (5th Cir. 2003). Accordingly, this Court's review is *de dovo*. Id.

**B.      Standard for "Undue Hardship" Under Section 523.**

Section 523 (a)(8) provides that student loans cannot be discharged in bankruptcy "unless excepting such debt from discharge under this paragraph would impose an **undue hardship** on the debtor and the debtor's dependents." 11 USC §523(a)(8)(emphasis added). In order to make the "undue hardship" determination, the Fifth Circuit has expressly adopted the Brunner test delineated by the Second Circuit. In re Gerhardt, 348 F.3d 89, 91 (5th Cir. 2003). To justify discharging a debtor's student loans, the Brunner test requires a three-part showing:

(1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for [himself] and [his] dependents if forced to repay the loans;

(2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

(3) that the debtor has made good faith efforts to repay the loans.

Brunner v. New York State Higher Educ. Serv. Corp., 831 F.2d 395, 396 (2d Cir.1987). Under the Brunner analysis, if one of the elements of the test is not proven, the inquiry ends, and the student loan cannot be discharged. In re Faish, 72 F.3d 298, 307 (3d Cir.1995).

The second prong of the Brunner test asks if "additional circumstances exist indicating that this state of affairs is likely to persist [for a significant period of time]." Brunner, 831 F.2d at 396. "Additional circumstances" encompass "circumstances that impacted on the debtor's future earning potential but which [were] either not present when the debtor [ ] applied for the loans or [have] since been exacerbated." In re Roach, 288

B.R. 437, 445 (Bankr.E.D.La.2003). This second aspect of the test is meant to be "a demanding requirement." In re Brightful, 267 F.3d 324, 328 (3d Cir.2001). Thus, proving that the debtor is "currently in financial straits" is not enough. Id. Instead, the debtor must specifically prove "a total incapacity ⋯ in the future to pay [her] debts for reasons not within [her] control." In re Faish, 72 F.3d 298, 307 (3d Cir.1995)(*quoting* In re Rappaport, 16 B.R. 615, 617 (Bankr.D.N.J.1981)). Some examples of "additional circumstances" include "psychiatric problems, lack of usable job skills, and severely limited education." Roach, 288 B.R. at 445.

Appellee Welch is a 28 year-old single mother [Tr. 2, p. 35] with a 5 year-old son [Tr. 1, p. 25]. Neither Welch nor her son has any disabilities. Indeed, the Bankruptcy Court noted that Welch is an intelligent young woman with a very good work ethic. [Tr. 2, p. 46] She is gainfully employed as a cocktail waitress at the Hollywood Casino. [Tr. 1, pp. 10-11] Although Welch complains that she has suffered with child care issues, she testified that as of the Fall of 2004, her son would be in school all day, five days a week. [Tr. p. 30] Welch testified that she is interested in becoming a respiratory therapist, and expects that she will be able to reach that point. [Tr. 2, p. 27] She further stated that she went to the Bureau of Labor on the Internet and learned that the median annual income for a respiratory therapist is in the $30,000 range. [Tr. 2, p. 26]

After an independent review of the record, the Court finds that Welch has failed to establish any additional circumstances which indicate that her current state of affairs is likely to persist for a significant period of time as required under the second prong of Brunner.

**CONCLUSION**

For the reasons stated above, the Bankruptcy Court's Judgment of March 30, 2004 is **REVERSED** and this matter is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this Memorandum Ruling. A Judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 4th day of January, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE